UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

No. 18-cr-20553

Hon. Terrence G. Berg

ANTONIO VINTON, JR.,

   Defendant.

---

**Stipulation and Order to Continue the Pretrial Conference and Trial Date, and Find Excludable Delay**

---

Through their respective counsel, the parties stipulate and agree to the following dates:

- Pre-trial conference: January 2, 2024.
- Trial date: January 23, 2024.

The parties further stipulate, and jointly move for the Court to find, that the time period between November 14, 2023 and January 23, 2024 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the

1

defendants in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- On September 13, 2023, the Court permitted Defendant to withdraw his guilty plea. Trial was scheduled for November 14, 2023.
- On October 18, 2023, Vinton moved to adjourn the trial date. (ECF No. 107.) In his motion, Vinton said an adjournment was necessary to allow counsel to "adequate time to coordinate and prepare witnesses, issue subpoenas, prepare and file motions in limine, submit jury instructions. . . and the like." (ECF No. 107, PageID 906.) In this motion, Vinton "waiv[ed] speedy trial." (*Id.*, PageID 907.)
- Failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before

the expiration of the Speedy Trial Act's trial clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- Overall, a continuance of the final pretrial conference and the trial date is necessary to allow defense counsel additional time to review discovery, conduct client consultation, and discuss any possibility of a plea agreement in this case. The ends of justice served by continuing the final pretrial conference and trial dates outweigh the best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

IT IS SO STIPULATED.

| *s/ Sara Woodward* | *s/ Jonathan Epstein* |
|---|---|
| Sara Woodward | Jonathan Epstein |
| Assistant United States Attorney | Jonathan M. Epstein PLLC |
| 211 W. Fort Street, Suite 2001 | 30445 Northwestern Highway, Ste 225 |
| Detroit, MI 48226 | Farmington Hill, MI 48334 |

3

sara.woodward@usdoj.gov                jonathan@jonathanmepstein.com
(313) 226-9180                          (248) 219-4004

*s/ Tara Mathena Hindelang*              *s/ Joseph R. Arnone*
Tara Mathena Hindelang                  Joseph R. Arnone
Assistant United States Attorney        Arnone Law PLLC
211 W. Fort Street, Suite 2001          24518 Harper Ave
Detroit, MI 48226                       St. Clair Shores, MI 48080
tara.hindelang@usdoj.gov                joseph@arnone-law.com
(313) 226-9543                          586-777-7720

October 30, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

ANTONION VINTON, JR.,

    Defendant.

No. 18-cr-20553

Hon. Terrence G. Berg

**Order Continuing the Final Pretrial Conference and Trial Date and Finding Excludable Delay**

The Court has considered the parties' stipulation and joint motion to continue the final pretrial conference and trial and for a finding that the time period between November 14, 2023 and January 23, 2024 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendants in a speedy trial and that the time from November 14, 2023

5

to January 23, 2024 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- On September 13, 2023, the Court permitted Defendant to withdraw his guilty plea. Trial was scheduled for November 14, 2023.

- On October 18, 2023, Vinton moved to adjourn the trial date. (ECF No. 107.) In his motion, Vinton said an adjournment was necessary to allow counsel to "adequate time to coordinate and prepare witnesses, issue subpoenas, prepare and file motions in limine, submit jury instructions. . . and the like." (ECF No. 107, PageID 906.) In this motion, Vinton "waiv[ed] speedy trial." (*Id.*, PageID 907.)

- Failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before

6

the expiration of the Speedy Trial Act's trial clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- Overall, a continuance of the final pretrial conference and the trial date is necessary to allow defense counsel additional time to review discovery, conduct client consultation, and discuss any possibility of a plea agreement in this case. The ends of justice served by continuing the final pretrial conference and trial dates outweigh the best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the time between November 14, 2023 and January 23, 2024 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendants in a speedy trial.

IT IS FURTHER ORDERED that the trial in this case will be continued and that the following deadlines will apply to these proceedings:

**Final pre-trial conference: January 2, 2024 at 10:00am.**

7

**Jury trial: January 23, 2024 at 9:00am**

  /s/ Terrence G. Berg  
Terrence G. Berg  
United States District Judge

Entered:  November 1, 2023